Filed 8/4/26  Richardson v. Crowell CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| PATRICK RICHARDSON, | D084009 |
| Plaintiff and Appellant. | |
| v. | (Super. Ct. No. 37-2022-0038423-CU-PO-CTL) |
| BRITTANY CROWELL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Affirmed.

Patrick Richardson, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, William Kwong, Assistant Attorney General, Neah Huynh, George Morris, and Ari J. Sheps, Deputy Attorneys General, for Defendant and Respondent.

In May 2022, Patrick Richardson, an inmate in the custody of the Department of Corrections and Rehabilitation (CDCR), was written up by department clinical psychologist Brittany Crowell. Richardson sued Crowell for damages in September 2022, alleging under various tort theories that her writeup violated "an obligation of confidentiality" and that she committed other, apparently unrelated "breache[s] [of] various nuances of professionality and ethics."

In February 2024, the court entered judgment for Crowell after sustaining her demurrer without leave to amend. The court found that Richardson failed to comply with the claim presentment requirement of the Government Claims Act (the Act) (Gov. Code,[2] § 810 et seq.). It noted that while a claim form was attached, the complaint failed to allege Richardson submitted the form to state officials. And although his complaint did assert he was excused from complying with the claim requirement, Richardson did not "meaningfully explain why he was excused or why he failed to comply." Richardson now challenges the trial court's conclusion.

The Act establishes certain "conditions precedent" to the filing of a lawsuit for damages against a public employee for allegedly wrongful acts performed within the scope of his or her employment. (*State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1237; *Neal v. Gatlin* (1973)

---

[1] This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2] Undesignated statutory references are to the Government Code.

35 Cal.App.3d 871, 873 & fn. 1 (*Neal*).) One such condition is that the party must have submitted a claim to the employing entity—here, the State—and the entity must have either acted upon it or deemed it rejected. (§§ 915, subd. (b), 945.4, 950.2; *Neal*, at p. 873, fn. 1.) "If a complaint does not allege facts showing that a claim was timely made, or that compliance with the claims statutes is excused, it is subject to demurrer." (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652.)

Crowell's demurrer was properly sustained. Richardson checked a box on his form complaint indicating that he was excused from the presentment requirement. He appended a completed administrative claim form to his complaint but, consistent with his belief that he was excused from the presentment requirement, he did not include in his pleading any allegations that he submitted the form before filing suit. Also consistent with his belief, the State did not have any record of receiving a claim from Richardson.[3]

We also do not see any factual allegations in the complaint that could support Richardson's belief that he was excused from satisfying the Act's presentment requirement. Richardson did not allege that Crowell's conduct, about which he complains, fell outside the scope of her employment. (See *Neal*, *supra*, 35 Cal.App.3d at p. 873 & fn. 1; *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750–1751.) Instead, he argues that his complaint was "an affidavit in conjunction with a lien process" that is exempted from this

_____

[3] The source of this fact is a declaration by the custodian of records for the Government Claims Program, which Crowell submitted in support of her demurrer. It appears that the trial court considered the declaration but there is no indication it took judicial notice of it. Finding that the facts stated in the declaration are not subject to reasonable dispute—and are not disputed by Richardson—we take judicial notice of it on our own motion. (Evid. Code, §§ 452, subd. (h), 459.)

requirement by subdivision (b) of section 905. Even were we to agree with this characterization of the complaint, this statutory exemption applies to claims "in connection with which the filing of a notice of lien, statement of claim, or stop notice is required *under any law relating to liens of mechanics, laborers, or materialmen*" (§ 905, subd. (b), italics added), which is clearly not the circumstance here.

Richardson appears to change his approach on appeal, representing for the first time that he *complied* with the requirement by giving a claim form (that was appended to his complaint) to an unnamed prison official to mail. For reasons beyond his control, he asserts, the official did not deposit the claim in the mail. But Richardson never described this asserted attempt to present a claim in his complaint. As a result, it does not support reversal of the order sustaining Crowell's demurrer.

Neither does it provide a sufficient basis for us to find that the trial court abused its discretion in failing to grant Richardson leave to amend his complaint to include these additional factual allegations. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) First, Richardson has made no request for leave to amend his complaint. (*Ibid.* [burden of demonstrating a reasonable possibility that a pleading defect can be cured by amendment "is squarely on the plaintiff"].) More importantly, Richardson's argument omits necessary assertions that (1) he gave the form to the official within the six-month statutory period for his claim to be submitted to the State (§ 911.2, subd. (a)), and (2) he followed CDCR's procedures for mailing his claim such that the

4

prison is to blame for it not being presented.[4] (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 123–124 [discussing prison-delivery rule]; Cal. Code Regs., tit. 15, §§ 3141 [right to confidential mail], 3142 [CDCR procedures for outgoing confidential mail].) It is appropriate to grant leave to amend a complaint only when a party has "clearly and specifically set forth the 'applicable substantive law' " and supporting factual allegations for any new claims or theories. (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43.)

Based on our de novo review of Richardson's complaint (*Thomas v. Regents of University of California* (2023) 97 Cal.App.5th 587, 605), the trial court correctly sustained Crowell's demurrer. We also find no abuse of discretion in its decision not to grant him leave to amend. (*Ibid.*)

### DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.

---

[4] Based on the dates recorded on the documents, it appears that Richardson signed the claim form just two days before he signed and verified his complaint. Richardson has offered no explanation why he would timely file a government claim, then two days later without waiting for a response file a superior court complaint asserting that he was *excused* from filing a claim.